CALVERT, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2034.   Decided May 19, 1949.

C. A. Faulkner, Rex W. Hanna, Kenton, for plaintiff-appellee.
Herbert S. Duffy, Atty. Genl., Hugh P. Brennan and T. Vincent Martin, Asst. Attys. Genl., Columbus, for defendant-appellant.

**OPINION**

By MILLER, PJ.:

This is an appeal from a judgment of the Court of Common Pleas for Montgomery County awarding a death benefit against the Industrial Commission of Ohio, the defendant-appellant. Numerous errors are assigned all of which relate to the sole question whether the deceased was an employee of the Commercial Motor Freight Company, Incorporated, at the time of his death, it being admitted that the company was amenable to the provisions of the Workmen's Compensation Act.

The record discloses that on July 13, 1942, and for some time prior thereto James Calvert, the decedent, had been driving a tractor or truck for one Floyd Lynn, who had made certain oral arrangements whereby the tractor operated by the decedent was coupled to trailers owned by the Commercial Motor Freight Company, Incorporated, and by means of which commodities were transported between certain designated points in the State of Ohio. The Public Utilities certificates and interstate commerce plates used on the equipment involved were owned by the Commercial Motor Freight Company, Inc., while the ownership of the tractor and of the registration plates thereon rested in Floyd Lynn. Under the agreement between Floyd Lynn and the Commercial Motor Freight Company, Inc., Floyd Lynn was required to bear the expenses incident to operating his tractor in transporting freight over designated routes, including the driver, while the Commercial Motor Freight Company, Inc., stood the expenses involved in maintaining and operating their trailers which might be coupled to Lynn's tractor at any particular time. While transporting commodities under this arrangement James Calvert was fatally injured.

It is the claim of the defendant that the deceased was in the employ of Floyd Lynn and that his relationship to the Commercial Motor Freight Company, Inc., was that of an independent contractor. Whether one is an independent contractor or an employee depends upon the facts in each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the

relationship created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created. **Gillum v. Industrial Commission, 141 Oh St 373.** With reference to the right of the Commercial Motor Freight Company, Inc., to control the manner or means of doing the work there is a conflict in the testimony, but there is substantial evidence in the record that under the agreement Lynn exercised no control over the decedent in the performance of his work; that all he did was to furnish the tractor, the fuel, repairs for the same and the driver; that thereafter the driver was subject to the orders of the dispatcher of the Freight Company as to where and when he should proceed; that he was at the complete disposal of the Freight Company with Lynn exercising no jurisdiction over him; that the Freight Company required all drivers to observe their rules and those of the Public Utilities Commission of Ohio in the operation of their trucks; that upon failure to comply the contract could be terminated.

Plaintiff's Exhibit No. 1 is a letter written to the deceased by the Freight Company which refers to him as one of "our safe drivers". Plaintiff's Exhibits 2 and 3 are safe driver's cards issued to the deceased by the Freight Company, of which Exhibit 2 states that he "* * * has operated a Commercial vehicle for this firm ——— miles in one year without a chargeable accident as determined by the employer." Plaintiff's Exhibit 3 is similar to Exhibit 2, only it covers a different year.

The facts in this case are almost identical with **Bobick v. Industrial Commission, 146 Oh St 187,** and it was there held that the facts were sufficient to establish the relationship of employer and employee. We therefore hold that there is sufficient evidence in the record to support the judgment and the same is affirmed.

HORNBECK and WISEMAN, JJ, concur.